UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20165-CR-LENARD
31 U.S.C. § 5318(h)
31 U.S.C. § 5322(a)

MAGISTRATE JUDGE TURNOFF

UNITED STATES OF AMERICA

v.

WACHOVIA BANK, N.A.,

Defendant.



FILED by _____ D.C.
MAR 1 2 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information

1. Defendant **WACHOVIA BANK, N.A.** was a national banking association based in Charlotte, North Carolina.

2. Defendant **WACHOVIA BANK, N.A.** was subject to oversight and regulation by the Department of the Treasury, Office of the Comptroller of the Currency ("OCC").

3. The Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, and its implementing regulations, which Congress enacted to address an increase in criminal money laundering activities utilizing financial institutions, requires domestic banks, insured banks and other financial institutions to maintain programs designed to detect and report suspicious activity that might be indicative of money laundering and other financial crimes, and to maintain certain records and file reports related thereto that are especially useful in criminal, tax or regulatory investigations or proceedings.

4. Pursuant to Title 31, United States Code, Section 5318(h)(1) and 12 C.F.R. § 21.21, Defendant **WACHOVIA BANK, N.A.**, was required to establish and maintain an anti-money laundering ("AML") compliance program that, at a minimum:

(a) provided internal policies, procedures, and controls designed to guard against money laundering;
(b) provided for an individual or individuals to coordinate and monitor day-to-day compliance with the BSA and AML requirements;
(c) provided for an ongoing employee training program; and
(d) provided for independent testing for compliance conducted by bank personnel or an outside party.

## COUNT 1
### Failure to Maintain Anti-Money Laundering Program
### (31 U.S.C. §§ 5318, 5322)

From in or about May 2003, and continuing until in or about June 2008, the exact dates being unknown to the United States Attorney, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WACHOVIA BANK, N.A.**,

did willfully fail to establish an anti-money laundering program, including, at a minimum, (a) the development of internal policies, procedures, and controls designed to guard against money laundering; (b) the designation of a compliance officer to coordinate and monitor day-to-day compliance with the Bank Secrecy Act and anti-money laundering requirements; (c) the establishment of an ongoing employee training program; and (d) the implementation of independent

testing for compliance conducted by bank personnel or an outside party.

In violation of Title 31, United States Code, Sections 5318(h)(1) and 5322(a).

_____
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

_____
ANDREA G. HOFFMAN
ASSISTANT UNITED STATES ATTORNEY

_____
JARED E. DWYER
ASSISTANT UNITED STATES ATTORNEY


RICHARD WEBER
CHIEF, ASSET FORFEITURE AND MONEY LAUNDERING SECTION
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION

_____
CONSTANTINE LIZAS
TRIAL ATTORNEY

_____
MATTHEW S. HASLINGER
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

WACHOVIA BANK, N.A.,

             **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)    Yes ____   No ____
Number of New Defendants  ____
Total number of counts  ____

**Court Division**: (Select One)

X   Miami   ____ Key West
____ FTL   ____ WPB   ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   No
   List language and/or dialect  _____

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

  (Check only one)                        (Check only one)

I    0 to 5 days     X      Petty    ____
II   6 to 10 days    ____    Minor    ____
III  11 to 20 days   ____    Misdem.  ____
IV  21 to 60 days   ____    Felony   X
V   61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)   No
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?  (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: 1:08-CR-20097-DLG
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   X  No

                                                  _____
                                                  ANDREA G. HOFFMAN
                                                  A5500885
                                                  JARED E. DWYER
                                                  A5501240
                                                  ASSISTANT UNITED STATES ATTORNEYS

*Penalty Sheet(s) attached                                                                            REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>WACHOVIA BANK, N.A.</u>

Case No: _____

Count #:1

Failure to maintain anti-money laundering program

Title 31, United States Code, Section 5318(h) and 5322(a)

*Max. Penalty:     Five years imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.