# EXHIBIT 2

Case 1:10-cr-20165-JAL Document 12-2 Entered on FLSD Docket 03/17/2010 Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20165-CR-LENARD
31 U.S.C. § 5318(h)
31 U.S.C. § 5322(a)

UNITED STATES OF AMERICA

v.

WACHOVIA BANK, N.A.,

Defendant.

_____/

FILED by ___ D.C.
MAR 12 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information

1. Defendant **WACHOVIA BANK, N.A.** was a national banking association based in Charlotte, North Carolina.

2. Defendant **WACHOVIA BANK, N.A.** was subject to oversight and regulation by the Department of the Treasury, Office of the Comptroller of the Currency ("OCC").

3. The Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.*, and its implementing regulations, which Congress enacted to address an increase in criminal money laundering activities utilizing financial institutions, requires domestic banks, insured banks and other financial institutions to maintain programs designed to detect and report suspicious activity that might be indicative of money laundering and other financial crimes, and to maintain certain records and file reports related thereto that are especially useful in criminal, tax or regulatory investigations or proceedings.

4.  Pursuant to Title 31, United States Code, Section 5318(h)(1) and 12 C.F.R. § 21.21, Defendant **WACHOVIA BANK, N.A.**, was required to establish and maintain an anti-money laundering ("AML") compliance program that, at a minimum:

(a) provided internal policies, procedures, and controls designed to guard against money laundering;
(b) provided for an individual or individuals to coordinate and monitor day-to-day compliance with the BSA and AML requirements;
(c) provided for an ongoing employee training program; and
(d) provided for independent testing for compliance conducted by bank personnel or an outside party.

## COUNT 1
### Failure to Maintain Anti-Money Laundering Program
### (31 U.S.C. §§ 5318, 5322)

From in or about May 2003, and continuing until in or about June 2008, the exact dates being unknown to the United States Attorney, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**WACHOVIA BANK, N.A.**,

did willfully fail to establish an anti-money laundering program, including, at a minimum, (a) the development of internal policies, procedures, and controls designed to guard against money laundering; (b) the designation of a compliance officer to coordinate and monitor day-to-day compliance with the Bank Secrecy Act and anti-money laundering requirements; (c) the establishment of an ongoing employee training program; and (d) the implementation of independent

testing for compliance conducted by bank personnel or an outside party.

In violation of Title 31, United States Code, Sections 5318(h)(1) and 5322(a).

_____
JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

_____
ANDREA G. HOFFMAN
ASSISTANT UNITED STATES ATTORNEY

_____
JARED E. DWYER
ASSISTANT UNITED STATES ATTORNEY

RICHARD WEBER
CHIEF, ASSET FORFEITURE AND MONEY LAUNDERING SECTION
U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION

_____
CONSTANTINE LIZAS
TRIAL ATTORNEY

_____
MATTHEW S. HASLINGER
TRIAL ATTORNEY

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 03/15/10